No. 21,621.

SARAH P. FOOTE, *Appellee*, v. ISAAC FOOTE, *Appellant*.

### SYLLABUS BY THE COURT.

DIVORCE—*Alimony—Property Acquired by Joint Efforts of Both Parties —Equitable Division.* Where a husband and wife acquire a tract of land out of the public domain by their compliance with the provisions of the federal homestead act—by their settlement, improvement, continued residence upon and cultivation of the land for a period of years —such land is acquired by the joint efforts of both husband and wife, within the meaning of section 673 of the civil code; and as an incident to a divorce action the trial court has authority to make an equitable division of such land between the parties; and in such an action it is immaterial that the original homestead filing and the government patent were in the name of the wife.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed June 8, 1918. Reversed.

*J. L. Finley*, of St. Francis, for the appellant.

*R. W. Turner*, and *D. F. Stanley*, both of Mankato, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff obtained a decree divorcing her from her husband. He had no means, and the court required plaintiff to pay the costs and to pay him two hundred dollars, and imposed a lien on some Cheyenne county land to secure its payment. The land with its improvements was valued at $1,000.

Plaintiff filed a motion for a new trial, and a motion to set aside the allowance of a money judgment as contrary to law. The latter motion was sustained, the court finding that its former judgment awarding the defendant the two hundred dollars and the lien and costs "was by the court entered without authority of law and is void and invalid."

Defendant appeals.

The theory of plaintiff's counsel, and the one which they persuaded the trial court to adopt when it set aside its first judgment, was that the Cheyenne county land was the ex-

clusive property of the plaintiff before she married the defendant, and that the civil code, section 673, forbade the judgment first entered. Not so. At the time of the marriage the land belonged to the United States government. Prior to her marriage to defendant the plaintiff had filed upon and entered it as a homestead. She was about 68 years of age and the defendant was about 80 years of age at the time of their marriage. He had about $135 in money. They took up their abode on the homestead. The defendant made improvements on the land, built fences, constructed a cellar, built a substantial addition to the house, a corncrib, a henhouse, a toilet, a stable, a pigpen, a barnyard and a stackyard. On this primitive farm the defendant made the family living, or most of it, for about three years, and until the government requirements were completed and the land patented to plaintiff; then she went away and never returned, and her son ejected the defendant from the premises—turned him out of house and home at eighty-three years of age.

The acquisition of this land from the United States government by compliance with the provisions of the homestead act was effected by the efforts of both husband and wife, and it was not important in whose name the filing entry was made or to which of them the government granted the patent. The court cannot close its eyes to the heroic history of the western Kansas homestead country. Without minimizing the generous and beneficent intentions of the national government which offered 160 acres of land out of the public domain to every family that would improve and cultivate it and reside thereon for a period of years, the land thus acquired was fully earned and richly deserved by the hardy pioneers who went out there and *stayed*. They had to endure the hardships of drought, hot winds, prairie fires, crop failures, isolation, and deprivation. Every family that procured a farm in that way paid a good round price for it. If this elderly couple had begun their married life in their youth in some well-settled community and both had industriously labored for wages and had bought this land with their joint earnings, there would be no room for dispute that the property was acquired through the joint efforts of both. It is just as true and just as clear that the acquiring of the land from the government by their

Bond v. Casualty Co.

compliance with the provisions of the homestead act—improvements, residence, and cultivation for a period of years, with all the attendant hardships endured in so doing—was, in effect, the acquiring of the property by their joint efforts within the meaning of section 673 of the civil code. The trial court's first judgment was correct, and its later finding that the judgment had been entered without authority of law is erroneous and should be set aside.

Reversed.